# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

SAVANNAH LEWIS, by and through
her mother and next friend, JOYCE
MILLER, and JOYCE MILLER, individually                    PLAINTIFFS

V.                                                         CASE NO. 1:06CV091

BOONEVILLE SCHOOL DISTRICT                                 DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on defendant's motion for summary judgment [58-1]. The court has reviewed the briefs and exhibits and is now prepared to rule.

The plaintiffs, Savannah Lewis and her mother, Joyce Miller, have brought suit against Booneville School District alleging that a fellow kindergarten student sexually assaulted Savannah. The plaintiffs have brought suit under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* and have invoked the Court's supplemental jurisdiction by asserting a negligence claim under state law.

On or about November 15, 2005, Savannah Lewis reported to her mother that she was asked at school to take her top off, so as to expose her upper body to two male students, one of whom was R.R. She did not comply with the request. Savannah did not report the incident to her teacher; instead, Savannah told her mother about the request from R.R. After Savannah's mother, Joyce Miller, discussed the incident with a family friend, the friend phoned Savannah's principal, Beverly Hill, to report the incident.

Principal Hill promised Ms. Miller that it would not happen again. Soon thereafter, Savannah's teacher, Cathy Wilson, phoned Ms. Miller and promised that Savannah would be

permanently separated from the two students who made the shirt-lifting request. Additionally, Ms. Wilson took the two students to the counselor's office where the students were told that their behavior was inappropriate. The conduct was also noted on the boys' behavior charts, which are sent home to their parents.

While Ms. Wilson was out on maternity leave, teacher Angie Kelly - apparently unaware of the promise to keep Savannah and the two other children separated - moved R.R. back near Savannah. In February of 2006, Savannah alleges that R.R. put his hands down her pants. Savannah did not tell anyone at the school about the incident. The school was first informed about the incident when Ms. Miller accompanied Savannah to school and reported the incident to Counselor Cathy DeVaughn. The following day, R.R. was questioned about the incident. After admitting to it, he was punished with a paddling for placing his hands down Savannah's pants. Additionally, R.R.'s parents were notified.

Savannah also alleges that the day her mother accompanied her to school, R.R. pushed her while in the gym at recess. However, all school officials deny that such an event occurred and in any case, the alleged incident was reported only later that evening to Savannah's older sister - never to school authorities. The following day, Ms. Miller withdrew Savannah from the Booneville School District and later enrolled her daughter in the Prentiss County School District.

In *Davis v. Monroe County School District*, 526 U.S. 629, 650 (1999), the Supreme Court first concluded that a private damages action may lie against a school board in cases of student-on-student harassment. However, the Court cautioned, that such an action only lies where federal funding recipients "are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to

2

deprive the victims of access to the educational opportunities or benefits provided by the school." *Id.* at 650. To be found not to have acted deliberately indifferent, a funding recipient must "merely respond to known peer harassment in a manner that is not clearly unreasonable." *Id.* at 649. "In an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, could not identify a response as not 'clearly unreasonable' as a matter of law." *Id.* The Court made clear that the deliberate indifference standard does not mean a school's only option is to expel a student accused of misconduct involving sexual harassment. Instead, "courts should refrain from second-guessing the disciplinary decisions made by school administration." *Id.* at 648.

This court need only reach the deliberately indifferent requirements to find this claim ripe for dismissal. Two incidents of harassment are alleged to have been reported to school officials. The first is the November incident wherein two students, including R.R., allegedly requested Savannah to raise up her shirt. Savannah did not comply. The school's response was to send the children to the school counselor where the students were told that their behavior was inappropriate. Additionally, the teacher noted the incident on the boys' behavior chart (which was sent home to their parents) and Savannah was separated from the boys.

The second incident occurred in February wherein R.R. admits to have stuck his hands down Savannah's pants. The school was first notified of the incident when Ms. Miller accompanied Savannah to school to report the incident. The school responded with corporal punishment as well as informing R.R.'s parents of his conduct.

The *Davis* Court requires, *inter alia*, that in order to hold the Booneville School District liable for R.R.'s actions, they must have acted "deliberately indifferent." 526 U.S. at 650. In the

instant case, it is clear from the record that the school took what action it deemed necessary under the circumstances when informed of the alleged harassment. This court will follow the Supreme Court's direction and not "second-guess[] the disciplinary decisions made by school administration." *Id.* at 648. Undoubtedly, the response by the school was not "clearly unreasonable," especially when one considers that the students involved were kindergartners. The court therefore concludes that the plaintiffs' Title IX claims are due to be dismissed.

The plaintiffs also assert a state claim of negligent supervision. While the Booneville School District does not seek dismissal of this claim on jurisdictional grounds, 28 U.S.C. § 1367(c)(3) grants this court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims.[1] In this particular case, the facts at issue raise the question of whether to impose liability on a state entity for the acts of a kindergarten student against another kindergarten student. As a matter of policy, the determination of whether such acts constitute negligence on behalf of the school board are best left to the state courts. Indeed, the Fifth Circuit has noted that the "general rule favor(s) dismissal of state claims when the federal claims to which they are pendent are dismissed." *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). The court concludes that it should follow the general rule in this case.

In light of the foregoing, defendants' motion for summary judgment [58-1] will be granted as to plaintiffs' Title IX claim, and the remaining state law claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1367©)(3).

A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

---

[1] Plaintiffs and defendants are all Mississippi residents, and diversity of citizenship is thus plainly lacking.

SO ORDERED, this the 2nd day of April, 2007.


                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**